UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MATTHEW SANTELLO, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 17-11383-FDS |
| v. | ) ) ) | |
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND

**SAYLOR, J.**

This is an action for violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, §§ 148, 150; ch. 151, §§ 1, 1A-1B. Plaintiff Matthew Santello was employed by defendant Northwestern Mutual Life Insurance Co. as an "inside sales employee." The complaint alleges that Santello and other similarly situated persons regularly worked more than 40 hours a week but were not paid overtime at an hourly rate equal to one and one-half times their regularly hourly wage. Plaintiff has moved to submit a second amended complaint to add two new defendants, David McAvoy and a limited liability company, McAvoy Financial Group, LLC (collectively, "McAvoy").

Rule 15 of the Federal Rules of Civil Procedure addresses amendments to pleadings. Under Rule 15(a), a party may amend a "pleading" without leave of court in certain relatively narrow circumstances. "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, amendments may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

Northwestern Mutual contends that the motion should be denied on the bases of (1) undue delay, (2) prejudice, and (3) futility. The Court will briefly address each argument in turn.

First, plaintiff filed the present motion on March 19, 2018, before the March 28, 2018, scheduling order deadline for motions to amend the pleadings.[1] As set forth below, Northwestern Mutual has offered no evidence that it will be unfairly prejudiced, or provided any other compelling reason why the delay will cause any undue harm. Plaintiff did not unduly delay the proceedings by moving to amend the complaint within the Court's scheduling order deadline.

Second, permitting the amendment would not unfairly prejudice defendants. Discovery remained open at the time the motion was filed, so the marginal cost of amendment is minimal. In addition, the only substantive change to the complaint is a new theory that McAvoy and Northwestern Mutual were plaintiff's "joint employers." However, the scope and extent of discovery should not change significantly.[2]

---

[1] Because plaintiff had not complied with Local Rule 15.1, the Court directed plaintiff to refile the motion after the proposed new parties were served. With the Court's permission, the motion was refiled on April 4, 2018.

[2] McAvoy is already scheduled to be deposed and has been served with a subpoena to produce relevant documents.

2

Third, Northwestern Mutual has not shown that the proposed amendment would be futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). The court must review a proposed amended complaint for futility under the "standard [that] applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). At this early stage in litigation, it is unclear exactly how McAvoy fit into Northwestern Mutual's corporate structure. However, accepting all of plaintiff's allegations as true, the proposed second amended complaint states a viable claim against McAvoy as his direct or joint employer.

For the foregoing reasons, the motion to amend is GRANTED. The proposed second amended complaint is hereby deemed to be the operative complaint, effective as of the date of this order. The clerk shall reset the scheduling order deadlines accordingly.

**So Ordered.**

|  |  |
|---|---|
| Dated: April 23, 2018 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |